# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____Allegheny_____ **County**

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Emil Richard Kolesar

**Lead Defendant's Name:**
Walmart, Inc. d/b/a Walmart Supercenter #2588

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney:  Richard C. Thiele, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☒ Other:
  Negligence

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

EXHIBIT "C"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| EMIL RICHARD KOLESAR, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CASE NO. GD 19-015152 |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART, INC. d/b/a WALMART | ) | **COMPLAINT IN CIVIL ACTION** |
| SUPERCENTER #2588 and AMIGO | ) | |
| MOBILITY INTERNATIONAL, INC. | ) | |
| and JANE DOE, | ) | |
| | ) | FILED ON BEHALF OF: |
| Defendants. | ) | |

Emil Richard Kolesar, Plaintiff

COUNSEL OF RECORD FOR THIS
PARTY:

Richard C. Thiele, Esquire
PA ID No. 94484

Thiele Law Office
110 East Pittsburgh Street
Greensburg, PA 15601
724-838-8600
Fax: 724-838-8601
richard@lawyer19.onmicrosoft.com

**JURY TRIAL DEMANDED**

### NOTICE TO PLEAD

**To Defendants:**

    **You are hereby notified to file a
written response to the within Complaint
within twenty (20) days from service
hereof or a default judgment may be entered
against you.**

**Counsel for Plaintiff**

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| EMIL RICHARD KOLESAR, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CASE NO. GD 19-015152 |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART, INC. d/b/a WALMART | ) | |
| SUPERCENTER #2588 and AMIGO | ) | |
| MOBILITY INTERNATIONAL, INC. | ) | |
| and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) DAYS after this Complaint and notice are served, by entering a written appearance personally or by an attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
11th Floor, Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
412-261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| EMIL RICHARD KOLESAR, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CASE NO. GD 19-015152 |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART, INC. d/b/a WALMART | ) | |
| SUPERCENTER #2588 and AMIGO | ) | |
| MOBILITY INTERNATIONAL, INC. | ) | |
| and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff Emil Richard Kolesar, by and through his counsel, Richard C. Thiele, Esquire, and hereby files this Complaint against Defendants, Walmart, Inc. d/b/a Walmart Supercenter #2588; and Amigo Mobility International, Inc.; and Jane Doe, and in support thereof states as follows:

### I.    PARTIES

1.    Plaintiff Emil Richard Kolesar (hereinafter "Plaintiff") is an adult individual, who resides at 842 Broadway Ave., East McKeesport, PA 15035.

2.    Defendant Walmart, Inc. (hereinafter "Walmart") is a corporation, conducting retail business and registered to do business in Pennsylvania with the Pennsylvania Department of State with a principal place of business located at 100 Walmart Drive, North Versailles, PA 15137; for purposes of this complaint, "work zones" includes areas of stocking shelves within the Walmart Store.

3

3.    Defendant Amigo Mobility International, Inc. (hereinafter "Amigo") is a manufacturer of the battery operated mobility device shopping electric scooters with the address of 6693 Dixie Hwy., Bridgeport, MI, 48722 whereby the Defendant Amigo cart was provided to the public for use in the Walmart store location of the Scooter collision with pedestrian shopper plaintiff.

4.    Defendant Jane Doe (hereinafter " Jane Doe") is an adult individual that was driving an electronic motor scooter in the Walmart store at the time of the accident striking plaintiff.

5.

## II.    JURISDICTION AND VENUE

6.    This action arises under the laws of the Commonwealth of Pennsylvania, and is within the subject matter jurisdiction of this Court pursuant to 42 Pa. C.S.A. § 931.

7.    Venue for this action is proper in this Court as the Defendants regularly conduct business or maintain a principal place of business and/or reside or conducted tortious activities within Allegheny County, Pennsylvania.

## III.    FACTUAL BACKGROUND

8.    The facts and occurrences as stated below, took place on or about October 31, 2017, during day hours, at the North Versailles Walmart, City of North Versailles, County of Allegheny, Commonwealth of Pennsylvania.

9.    Plaintiff, a retired government worker, prior first lieutenant of the U.S. armed forces, 1954 graduate of Duquesne University, ROTC -field artillery, lifetime member of the armed reserves, while shopping at Walmart, of or about 84 years of age at the time of the accident, was severely struck in the legs by a heavy motorized electric shopping scooter causing him to strike the ground and suffer a serious traumatic brain injury.

4

10.    Plaintiff, while shopping at Walmart, was standing still at the time of the accident facing in the direction of the cereal on the shelf.

11.    At all times relevant hereto, Defendant Walmart, through its agents, servants and/or employees, provided motorized scooters supplied and or manufactured by Amigo Mobility International, Inc. to people in the store for use on the premises of Walmart.

12.    At all times relevant hereto, Defendant Walmart failed to maintain its duty to keep its premises in a reasonably safe condition and or reasonably safe shopping environment for those entering the premises as business invitees.

13.    Defendant Walmart failed to ensure that motorized scooters were operated only by persons fit to reasonably and safely operate such motorized Amigo scooters.

14.    At all times relevant hereto, Defendant Walmart provided motorized scooters to the public at the Walmart location and, while having a duty, failed to ensure that said scooters were in a safe and properly functioning condition for use by the public.

15.    At all times relevant hereto, Defendant Amigo had a duty to provide a safe product free of defect that would not cause harm to the public, such as plaintiff,

16.    On or about October 31, 2017, Plaintiff, Emil Richard Kolesar, was a patron of the North Versailles Walmart and was on the premises of the Walmart as a business invitee.

17.    On the time and date of the incident complained of, Plaintiff was lawfully and carefully shopping within the Walmart store and took no action to move his body into a dangerous position, and conducted no action or activity to increase his risk of harm; he was standing still out of the flow of traffic in the shopping aisle.

18.    While observing the cereals in the cereal aisle, plaintiff was immediately violently struck by a mobile heavy electric shopping scooter traveling at a very fast pace.

5

19.   The scooter-person collision occurred in the immediate proximity of what appeared to be a pile of cereal stacked in the middle of the aisle, and or partially blocking the aisle while stocking shelves.

20.   The aisle had people in the aisle, and the Walmart clerks were stocking the shelves, and opening the boxes at or about the time of the accident; an employee was physically present.

21.   Plaintiff was struck directly by the heavy motorized cart with the driver and cart heavy combined weight violently striking plaintiff in the knees of the body, causing him to be propelled and knocked off of his feet going backwards and then violently striking his skull to the hard cement covered floor in a contorted, painful manner.

22.   The plaintiff severely torqued his body prior to impact striking his head directly to the ground thereby knocking him unconscious for an extended period of time, upon information and belief, in excess minutes, possibly five (5) to ten (10) minutes or even more; he suffered a severe traumatic brain injury.

23.   Where the boxes were piled-up in the aisle; Plaintiff, upon information and belief, was first awoke by the paramedics that awoke him close by or next to the piled supplies in the shopping aisle.

24.   The plaintiff's unconscious state for a prolonged period of time was caused by the traumatic brain injury and concussion upon violently striking his head to the cement covered floor at a very high rate of speed due a whip action type of fall whereby when he fell backwards to the ground, his head was the last body part to strike the cement with the diagnosis pursuant to three days of hospitalization and treatment for, including bleeding in the brain and severe concussion.

25.   There was no caution tape, warning cones, or other types of warning devices to notify the customers of the potential hazards at the time of impact; there was no beeping, horns or other warning sounds or lights from the moving motorized scooter.

26.   Walmart corporate officers, directors and or policy makers or manager(s) knowingly and or recklessly, acting with intent and bad motive did not obtain the information from the driver of their electronic scooter that would have identified the operator's name, age, condition or capacity to operate a motor vehicle, and never obtained the facts regarding the incident from the operator pertaining to Jane Doe's identity.

27.   Walmart knowingly failed to obtain the information regarding the operator driver of the electronic scooter because in the event the operator is or was under the influence of drugs or alcohol incapable or at high risk of dangerous driving of the scooter, Walmart is clearly liable because they entrusted Jane Doe with the scooter; therefore, Walmart's conduct was such as to involve a high degree of chance that serious harm would result from allowing anybody to drive the electronic scooter knowing it is statistically conclusive that shopper pedestrians will get struck by operators.

28.   Walmart never obtained the information from the wrecking driver of their scooter and then by calculation denied the accident being their fault while knowing if they fail to obtain the driver's information, they are attempting to keep Walmart from being blamed for improperly entrusting the scooter to a dangerous driver, whether visibly intoxicated, or otherwise incapacitated driver, or any other reason they could be blamed once the driver's identity is discovered.

29.  While standing in an aisle making a purchase selection, Plaintiff was violently, unexpectedly and without warning, struck by Defendant Jane Doe, who was operating a motorized scooter entrusted to her by Defendant Walmart.

30.  As a direct and proximate result of the negligence and outrageous, reckless disregard for another's safety of Defendants, Plaintiff suffered the following severe injuries, some or all of which may be permanent, and has endured and continues to endure great pain and mental anguish:

    a.  Severe traumatic brain injury;

    b.  Concussion;

    c.  Neck strain;

    d.  Damage to both knees;

    e.  Damage to the hip and shoulder;

    f.  Generalized trauma to the body;

    g.  General nervousness, emotional trauma and anxiety;

    h.  Shock and injury to nerves and nervous system, both functional and organic injury and damage to the bones, muscles, nerves, nerve roots, ligaments, tendons, cartilage, blood vessels, soft tissue and underlying organs.

31.  As a result of the injuries suffered in the Scooter – person accident, plaintiff has sustained the following damages, all of which may be excessively prolonged or permanent:

    a.  Past, present and future medical expenses; including surgeries, treatment, and continuous medications;

    b.  Lost earning capacity;

    c.  Loss of enjoyment of life's pleasures;

    d.  Embarrassment and humiliation;

    e.  Past, present and future pain and suffering;

    f.  Severe and extreme mental anguish; and

    g.  Expenses.

32.    As a result of the serious and extensive injuries that Plaintiff suffered in the accident and fall causing him to strike his head on the cement covered floor at the Defendant Walmart store on October 31, 2017, Plaintiff was required to be transported to the Hospital by ambulance; diagnosed and treated for a serious traumatic brain injury, concussion, torn or strained ligaments, hospitalized for three or more days, extensive and continuous ongoing medical treatment, and then restricted to bed or couch for the following months, and continues to undergo testing, treatment and continuous medications to date from the injuries and may require future surgeries, among other severe damages.

## COUNT I – NEGLIGENCE
### Plaintiff v. Walmart, Inc. d/b/a Walmart Supercenter #2588

33.    Plaintiff incorporates herein by reference the preceding Paragraphs 1 through 32 as if the same were fully set forth herein at length.

34.    At all times material hereto, Defendant Walmart offered and/or invited members of the general public to use its motorized scooters when they entered the retail supermarket or grocery store to shop for food, groceries and other items.

35.    Defendant Walmart gave permission, express or implied, to driver to operate the motorized scooter that struck Plaintiff.

36. Defendant Walmart entrusted the operation of the motorized scooter to the operator for the purpose of enabling the operator to conduct a business transaction at the benefit of Walmart; specifically Walmart intended the driver of the scooter to purchase items from Walmart with the intent of Walmart to gain a profit of money paid to Walmart Defendant.

37. Walmart permitted a third person, the operator of the motorized scooter, and Walmart was engaged in an activity of providing a retail sales shopping environment under the control of the Defendant Walmart.

38. Walmart had notice that motorized scooter - pedestrian accidents have occurred while both scooter operators and pedestrian shoppers are both on the premises to make purchases at the Walmart store(s).

39. Walmart did not post notices or warning signs prominently, or in any manner to either the motorized scooter operator or the pedestrian shopper at time or immediately prior to the motorized scooter – pedestrian shopper accident.

40. At all times mentioned herein, Defendant Walmart did not exercise reasonable care in assembling, inspecting, maintaining, adjusting, repairing and or supplying the motorized scooters that they invited members of the public to use to assure that the motorized scooters were safe, were in a proper working condition and were fit for their intended use.

41. At all times mentioned herein, Defendant Walmart did not provide warning signs about stocking area hazards, by posting warning notices, stands, caution tape, barricading-off the work area, and other action to provide notice and or warning of risk of being in the stocking area, and or preventing the patrons from entering the work area.

42. Defendant Walmart knew or should have known that consumers, including Plaintiff, would suffer injury as a result of Walmart's failure to exercise ordinary care in assembling,

inspecting, maintaining, adjusting, repairing and supplying the motorized scooters that they

invited members of the public to use.

43.   The incident described above and the resulting injuries and damages suffered by

Plaintiff were caused by, and were the direct, legal and proximate result of, the negligent, breach

of duty and careless acts and omissions of the Defendant Walmart, acting by and through their

agents, servants, and/or employees as follows:

a.   In failing to properly inspect the motorized scooters to ensure the proper function of the vehicles used herein;

b.   In failing to maintain the motorized scooters' ability to be controlled to avoid injury as caused to Plaintiff;

c.   In failing to warn business invitees such as Plaintiff of the presence of users of motorized scooters in work zone areas, and or stocking shelves areas blocking the isles and or parts of the isles, when it knew or should have known that failure to do so, could cause injury to others;

d.   In failing to protect business invitees such as Plaintiff from those using the motorized scooters when it knew or should have known that failure to do so would cause injury to others;

e.   In failing to provide and maintain a safe and secure premises by restricting the use of motorized scooters around pedestrians and children in shelf stocking areas, and or other areas of risk, and or entirely failing to warn them of hazards of drivers of electric carts in general,

f.   In failing to provide safeguards to prevent the above-described incident that injured Plaintiff;

g.   In failing to monitor Defendant Jane Doe's actions while the Plaintiff was lawfully upon the premises of Walmart, as a business invitee;

h.   In failing to screen Defendant Jane Doe's ability to safely drive and or operate a motorized cart in consideration of the safety of others on the property;

i.   In failing to warn Plaintiff of the foreseeable and unreasonable risk of harm created by Defendant Jane Doe's operation, and or the public in general operation, of the motorized scooter;

j. In failing to protect patrons in general and as business invitees, such as Plaintiff in particular, from the dangerous conditions and risks of harm such as those involved in the incident that injured Plaintiff, including increased skill for driving a scooter necessary around work zones – stocking shelf zones.

k. In failing to establish adequate standards governing the use of motorized scooters upon the premises;

l. In failing to adequately screen the users of the motorized scooters upon the premises;

m. In failing to establish adequate standards governing the monitoring of business invitees while on the premises so as to protect them from injury;

n. In failing to provide reasonable and adequate instruction to employees, agents, representatives, servants and/or security personnel in connection with the safe operation and management of the premises;

o. In failing to adequately train employees, agents, representatives, servants and/or security personnel in connection with the safe operation and or management of the motorized scooters;

p. In failing to provide reasonable and adequate instruction to patrons, including Defendant Jane Doe, in connection with the safe operation and management of the motorized scooters;

q. In failing to provide adequate written guidelines or operating manuals to paying patrons, including Defendant Jane Doe, in connection with the safe operation and management of the motorized scooters;

r. In failing to adequately screen, train and or instruct paying patrons, including Defendant Jane Doe, in connection with the safe operation and management of the motorized scooters;

s. In failing to ascertain whether Defendant Jane Doe was competent to safely operate the motorized scooter;

t. In failing to keep the pathways free and clear of hazards, and or properly mark hazards that would interfere with safe operations of the motorized scooters;

u. In failing to obtain the identity of a people free to operate motorized scooters while knowing accidents have occurred in this store and or other stores at no fault of the pedestrian.

v. In exposing Plaintiff, and the public, to reckless and outrageous risk of foreseeable harm and bodily injury knowing that medicated, medically diagnosed

and currently medically treating patrons utilize the heavy electronic scooters whereby collisions to pedestrians cause serious harm.

w.  In exposing patrons in a foreseeable, reckless and outrageous manner that while knowing motorized scooters have struck pedestrians and not mandating a method of obtaining the identity, the age, the blood alcohol, medications, drugs, legal or illegal drug use, of the driver thereby exposing and not protecting the interest of the patrons and specifically the plaintiff,

x.  In creating a foreseeable and unreasonable risk of harm and bodily injury for pedestrians who may come in contact with individuals utilizing scooters provided herein.

44.  Plaintiff's incident and the injuries that Plaintiff suffered as a result of the incident were due solely to the negligence and carelessness of the Defendants herein, jointly and severally, acting through their respective agents, servants, employees, managers and workmen who were, at all times relevant hereto, in furtherance of the business of the respective Defendants.

45.  As a direct and proximate result of Defendants' negligence, carelessness and recklessness, Plaintiff has suffered injuries and will in the future be obliged to expend monies for medical care in order to treat and help cure his injuries.

46.  The actions of Defendant Walmart were outrageous and/or rose to a level of reckless disregard for another's safety and or well-being in that the Defendant willfully, intentionally and/or recklessly induced members of the public, including Plaintiff, to shop at their store when they knew or should have known that unscreened patrons would operate the motorized scooters in high traffic areas and also work zone areas of stoking shelves and would thereby clearly know with certainty that an injury to other patrons of Defendant Walmart would occur.

47.  The actions of Defendant Walmart were outrageous and/or rose to a level of reckless disregard for another's safety and or well-being in that the Defendant willfully, intentionally and/or recklessly induced members of the public, including Plaintiff, to shop at their store when

they knew or should have known unscreened patrons would have tremendous difficulty operating the motorized scooters provided by Defendant Walmart in the work zones blocking lanes, restricting lane size, and requiring scooter driver maneuvers while driving the scooter and would cause injury to other patrons of Defendant Walmart and then not implement a method to obtain the driver's information to protect the interest of the accident victim.

48.   Walmart has in excess of 4,500 stores in the United States whereby Walmart acts with bad motives of prioritizing profit over the safety of patrons.

49.   Walmart acts with a reckless indifference and intentional disregard to the safety and well-being of business invitees by prioritizing the cumulative of the profits earned by shoppers using scooters, unscreened and many not in condition to operate an electronic scooter, making purchases generating profits over the safety and well-being of the pedestrian people in harm's way and occasionally hurt by electronic scooter operator drivers.

50.   It is an intentional act to provide a directive or knowingly make a corporate decision to refrain from implementing a directive that all electronic scooter operators must be screened before permitted to operate and drive the electronic scooter.

51.   Walmart intentionally acts with a disregard to the risk of the pedestrian invitee shoppers by intentionally allowing unscreened patrons to operate the electronic scooters knowing that there is a definite risk of harm to pedestrian shoppers when knowingly not closing work zone areas whereby a scooter will have to make maneuvers and or be distracted thereby placing pedestrians at greater risk.

52.   Walmart intentionally acts with a disregard by placing the overall profits above the safety of the pedestrian shoppers by knowing that when or if electing to close an aisle, the store and chain of stores will suffer a loss, however, by keeping the aisles open nationwide, the

volume of profits from not closing the aisles of 4,500 stores will far outweigh the damages to pedestrian shoppers.

53.     Walmart acts with bad motive by prioritizing the profits of a voluminous 4,500 plus stores over the risks of the occasional invitee, and or pedestrian shopper, and or person seeking warmth, and or person seeking a restroom or water fountain by intentionally electing not to close aisles, and or not to screen electric scooter operators, and electing to obtain the greater profits over the occasional injured pedestrian, all while knowing the injured pedestrian may be an elderly injury prone shopper that may never properly recover for the remainder of his or her life.

WHEREFORE, Plaintiff herein, respectfully requests that this Honorable Court enter judgment in its favor and against the Defendants in an amount in excess of the jurisdictional limit of $35,000.00, together with interest, costs, punitive damages, and such other relief that this Court deems necessary and proper.

## COUNT II – NEGLIGENCE
### Plaintiff v. Jane Doe

54.     Plaintiff incorporates herein by reference the preceding Paragraphs 1 through 52 as if the same were fully set forth herein at length.

55.     Walmart knowingly entrusted, express or implied, the use of the electronic scooter to Jane Doe.

56.     Walmart has acted with intention regarding their corporate profit driven decision to fail to screen drivers of electronic scooters and failing to close and or mark-off work zones, stocking areas; Walmart is jointly and severally liable for the actions of their entrusted electronic scooter operators.

57.   Walmart knows and understands accidents have occurred and with an extremely high statistical probability will continue to occur in the future whereby unscreened electric scooter operators will collide with pedestrians due to failure to screen, and failure to mark-off work zones and or close work zones, and or shelf stocking areas.

58.   Upon Information and Belief, by Walmart knowingly failing to screen the driver Jane Doe, Walmart acted with the knowledge they would accept vicarious liability for a negligent driver; upon information and belief, Walmart has statistical data and or records of the incidents and or accidents involving electronic scooters, and with pedestrians.

59.   In addition to and or in the alternative to prior averments, the incident described above and the resulting injuries and damages suffered by Plaintiff were caused by, and were the direct, legal and proximate result of, the negligent and careless acts and/or omissions of Defendant Jane Doe as follows:

     a.   In negligently operating the motorized scooter in a proper and safe way as to avoid injury to others, particularly Plaintiff;

     b.   In operating the motorized scooter at an unsafe speed as to maintain control of the scooter to avoid injury to others, particularly Plaintiff;

     c.   In failing to operate the motorized scooter at a safe distance from paying patrons so as to avoid injury to others, particularly Plaintiff;

     d.   In failing to warn and/or alert Plaintiff of the presence of the motorized scooter;

     e.   In failing to understand or receive adequate instruction as to how to safely operate the motorized scooter;

     f.   In failing to undergo adequate training to understand the proper use and operation of the motorized scooter;

     g.   In failing to inquire prior operation of the motorized scooter as to the proper handling, driving and/or operation of the scooter;

     h.   In exposing Plaintiff to foreseeable and unreasonable risk of harm and bodily injury by running into Plaintiff; and

i.   In failing to stop/utilizer the brakes to avoid striking Plaintiff.

60.   As a direct and proximate result of Defendants' negligence, carelessness and recklessness, Plaintiff has and will in the future be obliged to expend monies for medical care in order to treat and help cure his injuries.

61.   The actions Jane Doe driving excessively fast were conducted with recklessness and a willful disregard for the safety of others; Jane Doe further intentionally fleeing the scene of the accident without providing her information to the victim was a continuation of her acts of reckless indifference to the care and well-being of the pedestrian victim Plaintiff; whereby, Jane Doe's actions and the actions of Defendant Walmart were outrageous and/or rose to a level of reckless disregard for another's safety in that the Defendant willfully, intentionally and/or recklessly cause injury to Plaintiff.

WHEREFORE, Plaintiff herein, respectfully requests that this Honorable Court enter judgment in its favor and against the Defendants in an amount in excess of the jurisdictional limit of $35,000.00, together with interest, costs, punitive damages, and such other relief that this Court deems necessary and proper.

## COUNT III – PRODUCT LIABILITY
### Plaintiff v. Walmart & Amigo Mobility International, Inc.

62.   In the alternative, Walmart failed to properly inspect and detect the product being offered to the public for use and failed to determine the product had a defect.

63.   The scooter was defective and could not be stopped by the operator.

64.   The operator driver of the electronic scooter said the words to declare she could not stop immediately prior to the victim Plaintiff becoming unconscious due to the bleeding in his brain following the severe impact of his skull with the cement covered floor.

65.   An electric scooter that can not be stopped is unreasonably dangerous to the user and to the pedestrian shoppers in their vicinity and zone of danger.

66.   The product electronic scooter could not be stopped by the operator driver because it malfunctioned; upon information and belief, video surveillance shows the driver of the electronic scooter could readily control the unit indicating prior driving experience.

67.   The failure of the scooter to stop resulted in impact and collision to the pedestrian plaintiff causing harm to the plaintiff.

68.   The electronic scooter did not have adequate warning notices regarding stopping distance and or speed control.

69.   The products failure to stop or have a brake mechanism that would override or warn the operator and the pedestrian plaintiff shows a design defect.

70.   Pedestrian plaintiff was clearly in the zone of danger from the malfunctioning electric cart.

71.   There was no beeping or warning to the pedestrian as the electronic scooter fast approached, a noise mechanism would have adequately warned the pedestrian plaintiff of the approaching electronic scooter and would meet the expectations of the consumer in the region for a safety warning.

72.   This specific scooter failed to stop and thereby performed differently than the other scooters that stop regularly and consistently.

73.   Warning stickers on the electronic scooter were inadequate to protect the safety of the operator thereby resulting in harm to the pedestrian.

74.   The deficiency in the warning made the product unreasonably safe to operate resulting in harm to the plaintiff.

75.   The warnings and instructions are not adequate to the safety and well-being for the operators or the pedestrians in the proximity of the operators.

76.   The defendants, manufacturer Amigo, and Walmart, had a subjective appreciation of the risk of harm to which the plaintiff was exposed.

77.   The store Walmart, and Amigo, acted, or failed to act, as the case may be, in conscious disregard of the risk to pedestrian plaintiff.

WHEREFORE, Plaintiff herein, respectfully requests that this Honorable Court enter judgment in its favor and against the Defendants in an amount in excess of the jurisdictional limit of $35,000.00, together with interest, costs, punitive damages, and such other relief that this Court deems necessary and proper.

Respectfully submitted,

Richard C. Thiele, Esquire
*Counsel for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

By: _____

Richard C. Thiele, Esquire
Pa I.D. No. 94484

## VERIFICATION

I, **EMIL RICHARD KOLESAR**, verify that I am the Plaintiff in this action, and that the statements made in this COMPLAINT are true and correct to the best of my knowledge, information, and belief.

I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

**EMIL RICHARD KOLESAR**

Date: 12-12-19

## CERTIFICATE OF SERVICE

I, Richard C. Thiele, Esquire, hereby certify that a true and correct copy of the foregoing

COMPLAINT IN CIVIL ACTION has been served upon the below listed counsel of record via

U.S. First Class, Prepaid Mail and Electronic Mail, this _12/13/19_____, as follows:

Rebecca Sember Izsak, Esquire
rsember@tthlaw.com
Brook T. Dirlam, Esquire
bdirlam@tthlaw.com
Thomas, Thomas & Hafer, LLP
525 William Penn Place
37th Floor, Suite 3750
Pittsburgh, PA 15219
**(*Counsel for Defendant Wal-Mart*)**

Amigo Mobility International, Inc.
6693 Dixie Highway
Bridgeport, MI 48722
service@myamigo.com

Richard C. Thiele, Esquire
*Counsel for Plaintiff*